The Chief
 
 Justice,
 

 after stating the case, delivered the opinion of the court.
 

 To entitle themselves to the money for which this suit was instituted, it is incumbent on the plaintiffs to shew that they have performed the very act, on the performance of which the money became payable; or that they are excused by the conduct of the defendant for its non-performance. The act itself has not been performed: but a tender and refusal is equal to a performance; and it is contended that there has been such a tender and refusal in this case.
 

 The pleadings show that the tender was not unconditional; but the plaintiffs insist that the condition, annexed to the tender, was such as they had a right to annex to it, and on their correctness in this opinion, depends the judgment now to be rendered.
 

 The plea does not contest the sufficiency of the deed of assignment and power of attorney which were tender
 
 *331
 
 ed; and consequently no question concerning their sufficiency can arise in the present case.
 

 The only cause relied on, as doing away the operation of the tender, is that it was made on condition that a release of all the claims and demands of the said John Dunlop and co. on the said Hepburn and Dundas, should
 
 first
 
 be signed, sealed and delivered to them by Colin Auld.
 

 The only question in the case is, whether Hepburn and Dundas had a right to insist on this previous condition; and it is admitted that this question depends entirely on the agreement of the 27th of September 1799.
 

 That an acquittance should be signed, sealed and delivered before the act itself was performed, which entitled the party to such acquittance, is a mode of proceeding very unusual, and which certainly could only be rendered indispensible by express stipulation.
 

 There is in this case no such express stipulation. If the payment had been made in bills or money, the release of all the claims and demands of John Dunlop and co. against them was to have been given, not previous thereto, but
 
 upon receiving such payment.
 
 If then, as has been argued, the deed of assignment and power of attorney are substituted for the payment in money or in bills, and to be made on the same conditions on which payment, in either of those articles, was to have been made, yet there could exist no right to demand a delivery of the receipt
 
 before
 
 the payment.
 

 If we inspect those covenants which relate to the deed of assignment of Graham’s contract, we find no stipulation respecting a release of any sort The agreement is that he will receive the said deed of assignment at 21,112 dollars, towards the discharge of the award, but he does not engage to give any release whatever.
 

 It is contended that upon the general principles of justice and of law, Hepburn and Dundas had a right to the evidence of the payment they had made without expressly contracting for such evidence; and this is true, so far
 
 *332
 
 as to entitle them to a receipt for the deed and power delivered; but neither the general principles of justice, nor of law, give Hepburn and Dundas a right to insist upon any release as a previous condition.
 

 The case has been argued at bar, as if the condition of the tender of the deed of assignment and power of attorney had been a release of all claims and demands, to be given at one and the same time with the delivery of such deed and power, but this is not the case as presented in the pleadings. According to the plea, Hepburn and Dundas required the delivery of the release as a condition precedent to their livery of the deed of assignment.
 

 This demand seems not to have been countenanced by the contract ; and of consequence the tender was not such as it was incumbent on Hepburn and Dundas to have made, in order to entitle themselves to the money for which they have brought this suit.
 

 Judgment affirmed with costs.