JOHN HUNTER, *Plaintiff in Error*,

*vs.*

IRA WARNER, *Defendant in Error*.

ERROR TO COLUMBIA COUNTY COURT.

December 13, 1851. L. & W. enter into agreement. On the part of L. to sell a horse to W., on conditions that W. was immediately to have possession of the horse to keep and use until paid for, according to the terms of the agreement, which were, twenty-five dollars in two weeks from the date of the agreement, the balance, $15.00, by the 15th of the next May. That upon the payment of the last sum, the horse was to become absolutely the property of W., and until so paid, the right of property to remain in L.; That in the event of W. failing to pay either of the said sums, or any part thereof, as they should become due, L. might reduce the horse to his own possession : Held that this was an agreement to sell, and not an absolute sale.

Held also, that W. acquired no property in the horse, save a right of possession, and that only on performance of the conditions on his part.

Held also, that it was incumbent on W., in order to acquire the property in the horse, or to continue his right of possession, to pay or tender the money when it became due ; and this, even though L. should have retaken the horse before the money became due.

A declaration of willingness and readiness to pay, is not a legal tender of payment. Such tender consists in an *actual offer* of the sum due, unless the actual production of the money be dispensed with by refusal to accept, or something equivalent thereto.

When the evidence produced on the trial by the plaintiff does not entitle him to recover, it is the duty of the court to order a nonsuit on motion.

If, from the evidence submitted, there be no cause of action established, and it would be the duty of the court to set aside a verdict for the plaintiff, as being against evidence, it is the duty of the court to sustain a motion for nonsuit ; and to refuse such motion, in such a case is error.

Such a motion, the facts being admitted with their proper effect, raises a question of law, and the defendant is entitled to the judgment of the court upon the question thus presented.

This was an action of replevin brought by Ira Warner, plaintiff below, against John Hunter, defendant below, before a justice of the peace of that coun-

ty, to recover the possession of a horse. Warner obtained judgment before the justice, and Hunter appealed to the County Court. A trial was had in the County Court, which resulted in a judgment for the plaintiff. Exceptions were taken on the trial to the ruling of the court, and the cause is now brought here by writ of error, by the defendant below, and as plaintiff in error he presents the following case :

Gaius E. La Monte entered into a written contract with the defendant in error, in substance as follows : The agreement was, on the part of La Monte, to sell to Warner, a black horse, with a star in the forehead, and one white hind foot, on condition that Warner was to have the immediate possession of the horse, to keep and use until paid for, and he was to pay twenty-five dollars in two weeks from the date of the agreement, (Dec. 13, 1851,) and the balance, fifteen dollars, on the 15th day of May, 1852. Upon the payment of these sums the horse was to become absolutely the property of Warner, and until so paid, the right of property to remain in La Monte ; that in the event of Warner failing to pay either of the sums, or any part thereof, as they should become due, La Monte might reduce the horse to his own possession.

On the day before the time specified in the contract for the first payment to become due, La Monte, without leave, and without the knowledge of Warner, took possession of the horse, (Warner theretofore having had possession,) and afterwards sold and delivered him to Hunter, the plaintiff in error. The defendant in error, after the time specified for the payment of the twenty-five dollars, and without paying or tendering to La Monte the said money, brought his action of replevin, as above stated, against the said plaintiff

in error, he being a bona fide purchaser for a valuable consideration.

On proof of the foregoing facts, (stated more in detail in the opinion of the court,) the counsel for the plaintiff in error, moved the court below, to nonsuit the defendant in error, " for the reason, that all of the evidence in said cause shows, that the plaintiff below, at the time of the commencement of this suit, was not the owner of the property described in, and taken on the writ herein, and was not entitled to the possession of the same. Which motion the court overruled; to which ruling, the defendant below excepted.

After verdict for the plaintiff below, the defendant below moved the court for a new trial, for the following reasons :

*First.* That the said verdict was contrary to the evidence in the cause : and

*Second.* That said verdict was contrary to law.

Which motion the court overruled ; to which ruling of the court, the defendant below excepted.

The following are the errors assigned :

*First.* That it was error in the court below to refuse the nonsuit asked for by the defendant below.

*Second.* It was error in the court below, in refusing to grant a new trial.

*Collins & Smith,* for the plaintiff in error, made the following points :

The facts are fully stated in the case made, and present the question, Whether the court below should not have nonsuited the plaintiff below, on motion of the defendant ?

If there was no proof of the plaintiff's right of possession in the horse, then it was clearly the duty of

the court to have done so, and it was error to refuse the nonsuit. *Stuart vs. Simpson*, 1 *Wend.* 346–377 ; *Sandford vs. Emmery, Greenl.* 513 ; 13 *Johns. R.* 337.

The case shows, that until Warner should pay for the horse, he should remain the property of La Monte ; but before the first payment mentioned in the contract, La Monte, without the knowledge or consent of Warner, took the horse into his possession, and afterwards sold and delivered him to Hunter, the plaintiff in error ; and after the $25.00 had become due, and without paying, or offering to pay La Monte, Warner sues Hunter, an innocent purchaser for a valuable consideration, in replevin, for the horse ; and we say that Warner had not such property in the horse as to entitle him to bring this action. He was not the owner, and without paying the $25.00, he had no right to the possession of the horse ; and, if this be so, he could not maintain replevin, and hence the court erred in giving judgment for the plaintiff below.

*Hand & Ketchum*, for the defendant in error :

*First.* Ira Warner, being the owner of the property at the time La Monte took it from his possession, and sold it to John Hunter, the sale is invalid. No person can make a better title to property than he has himself. *Roland vs. Gundy*, 5 *Ohio R.*; *Williams vs. Merle*, 11 *Wend.* 80.

*Second.* La Monte had no right to rescind the contract with Warner, until he (Warner) had failed to pay. *Cross vs Peters*, 1 *Greenl. R.* 378.

*By the Court,* CRAWFORD, J. This was an action of replevin, instituted before a justice of the peace in the county of Columbia, by Ira Warner, the de-

fendant in error, against John Hunter, the plaintiff in error, to recover the possession of a horse. A trial by jury, before the justice, resulted in a verdict and judgment in favor of the defendant below.

From this judgment an appeal was taken to the County Court of Columbia county, and at the May term, 1852, of said court, the case was tried by a jury. It appeared in evidence, on the trial in the County Court, that an agreement was entered into, concerning this horse, on the 13th day of December, 1851, between Gaius E. La Monte and the defendant in error, which is thus described in the bill of exceptions : " The agreement was on the part of La Monte to sell a black horse, with a star on the forehead, and one white hind foot, to Warner, on conditions prescribed in the contract, which were, that Warner was immediately to have possession of the horse, to keep and use until paid for, in pursuance of the provisions of the agreement, which were twenty-five dollars, in two weeks from the date of the agreement, the balance, or remaining fifteen dollars, by the fifteenth day of the next May. That upon the payment of the last sum, as mentioned in the agreement, the horse was to become, absolutely, the property of Warner; and until so paid, the right of property was to remain in La Monte. That in the event of Warner failing to pay either of the sums, or any part thereof, as they shall become due, La Monte might reduce the horse to his own possession." It further appeared in evidence, that on the 26th day of December, 1851, La Monte had the horse in his possession, and that he afterwards sold him to the defendant, (the plaintiff in error,) who had the possession at the time of the commencement of this suit, to-wit : on the 17th day

June Term, 1853.

Hunter vs. Warner.

of January, 1852. It was also shown in evidence, that on the 25th or 26th day of December, 1851, the horse was taken from the barn of Warner, and that after he (Warner,) had discovered that the horse was taken, he called upon H. G. Webb, who was the agent of La Monte, to receive the money to be paid by Warner, under the aforesaid agreement, and told Webb that "he (Warner) would pay the money on the next day, when it became due ;" to which Webb replied he was " ready to receive it any time." This conversation took place on the night of the 26th day of December. Webb, who was a witness in the case, for the plaintiff, testified that " the money was not paid then," (December 26th;) "never had been paid to him," and that " Warner said he had the money, and it should be paid when due; that he was ready to pay for the horse whenever he could have him." There was other testimony in the case, but we do not deem it necessary to refer to it.

Upon this evidence the plaintiff below rested his case, and thereupon the counsel for the defendant moved for a nonsuit, which motion was, by the court, denied. Witnesses were introduced and examined on the part of the defendant, and after argument, the case was submitted to the jury. The charge given by the court is not set forth in the bill of exceptions. A verdict was rendered in favor of the plaintiff, Warner, and the defendant thereupon moved the court for a new trial, which was denied, and a judgment entered upon the verdict.

The only question presented here, is, whether there was error in the refusal of the court below to grant a nonsuit. It is apparent that the transaction between La Monte and Warner, upon which alone he (War-

ner) bases his claim to the horse, is an agreement to

sell, and not an *absolute sale.* It vested in him no right whatever, beyond that of possession, until the performance of the conditions prescribed. We believe that Hunter acquired a good title from La Monte, after the expiration of the time for the first payment, if Warner neglected to perform the condition impos- ed upon him by the agreement, at the time therein specified, because, upon this performance alone his right depended.

By the terms of the agreement " the right of pro- perty" was " to remain in La Monte" until the whole contract price should be paid, leaving only the right of possession to Warner, and this latter right, subject to be taken away upon default in payment. Now, in order to preserve this right of possession, it was in- cumbent on Warner, either to make the first payment in two weeks from the date of the agreement, or to make a tender of such payment. It is not insisted that any payment was made, and certainly, there is no proof of tender. To constitute a valid, legal ten- der, there must be an *actual offer* of the sum due, un- less the actual production of the money be dispensed with by a refusal to accept or something equivalent thereto, and this offer must be an absolute one, not coupled with any condition. *Vide* 2 *Stark on Ev.* 778–9, *and cases there cited;* 15 *Wend.* 637.

We cannot see, therefore, that the right of posses- sion remained with Warner, after the expiration of the time for the first payment. It matters not that he was deprived of his possession by La Monte or any other person ; if he desired to preserve his right under the agreement, it was necessary, on his part, to do what was to be done by him—to make payment, or

that which the law recognizes as equivalent thereto—a legal tender; and the improper interference of La Monte, in no respect relieved Warner from performance on his part, unless, indeed, he desired to abandon the agreement altogether.

The case of *West vs. Bolton*, 4 *Verm. R.* 558, is in point. In that case an agreement was made between the plaintiff and John Bolton, the father of the defendant, for the sale of a cow. The price of the cow was $18, of which sum West had, at sundry times made partial payments, amounting in all to $10, *but the sale was not to take effect until the cow should be paid for in full*, and Bolton "was to have his security upon the property in plaintiff's hands until fully paid for." The cow was delivered to West in 1826, and remained in his possession until the spring of 1830, when Bolton, being unable to get the balance, after frequent demands, directed his son, the defendant, to retake the cow, and afterwards sold her.

An action of trespass was instituted against the son, who justified, as the servant of his father.

Mr. Justice Williams, in giving the opinion of the court, says : " The testimony shows, most unequivocally, that the plaintiff had no property in the cow for which the suit was brought; that the sale under which he claims was conditional ; that the property was not to vest until paid for, and that it had not been paid for in full. The plaintiff having failed to fulfil the conditions, on the performance of which he was to have the property, all his claim at law was gone. Whether he had any equitable right is not here the matter in dispute. The owner might retake the property again and divest the plaintiff of possession, and would not be guilty of any trespass in

June Term, 1853.

Hunter
vs.
Warren.

so doing. The performance of the condition was neither rescinded or waived, but insisted on, and it was in accordance with the contract that the owner proceeded to take the property into his possession. *As the plaintiff had not performed the condition precedent on the performance of which the property was to pass from Bolton to him,* the jury was rightly directed that the facts, if believed, entitled the defendant to a verdict."

The only distinction between this case and the one before us is, that in the former there was a default in payment, upon demand, before the property was retaken, while in the case at bar, the property was taken from the possession of Warner before the time fixed for payment had arrived.

But we think that the neglect of Warner to perform the condition precedent in his case, regardless of the taking away of the horse, is equally fatal, as was the neglect of performance in the case which we have cited above.

It follows then, as a necessary consequence, that on the day of the commencement of this suit, the 17th day of January, 1852, the plaintiff below (Warner,) had neither a right of property nor a right of possession.

It is very true, as urged by the counsel for the defendant in error, that " no person can make a better title to property than he has himself," but in the view which we take of this case, La Monte, when he sold to Hunter, had a good title, and at all events, on the day of the commencement of this suit, Warner had ceased to have any title whatever.

The case of *Cross, et al. vs. Peters,* 1 *Greenleaf's R.,* 378, is distinguishable from the case at bar.

There the property in dispute was proved to have been sold to the witness, Parker, *on a credit of four months, and was delivered to him*, after which it was attached by other creditors. The contract of sale was not to become operative *at a future day*, but on the contrary, the property passed to Parker *at the time*, and he became indebted to the plaintiff's to the amount of the stipulated price, payable in four months. It was not insisted in that case, that any conditions appertained to the sale, but the point urged was, that Parker acted *fraudulently* in the purchase, and that the venders could rescind the sale on that ground. The court, in that case, say: "Where a vender claims the right of rescinding a contract of sale, which has been carried into effect, and executed on his part, by a delivery of the article sold, it would seem that his right to rescind must be founded on such a fraud on the part of the vendee, as would render him liable to an indictment. This may be very sound, as applied to a case where the vender has parted with the *whole* property, and seeks to avoid the sale on the ground of fraud, but it certainly has no application to the case at bar, where the objection is, not that *fraud* vitiated the contract, but that a sale never was completed nor a property vested in the plaintiff. *Vide Long on Sales*, 109.

We hold that the evidence produced by the plaintiff below did not entitle him to recover, and that it was the duty of the court to have sustained the motion for a nonsuit. For, if from the evidence submitted, there was no cause of action established, and it would have been the duty of the court to have set aside the verdict of the jury, in favor of the plaintiff, as being against the evidence, it certainly was the

duty of the court to grant the motion.  A motion of this kind presents a *question at law*, the facts being admitted with all their proper effect in law, and the defendant can call upon the court to dispose of such a question, for " questions of the law are to the court." The court erred in overruling the motion, and therefore, the judgment below must be *reversed*.