# UNREPORTED CASES

DETERMINED IN THE

# COURT OF APPEALS

OF THE

# STATE OF NEW YORK.

STEPHEN CLARK and others, Respondents, *v.* THE MAYOR, ETC., OF NEW YORK, Appellants.

An offer to pay what is due, on a contract, provided the other party will give a release for all damages, etc., is not a tender of payment.

When the contract has been completed, and the balance due thereon is withheld to compel a release of other claims, the plaintiff has his action for the recovery.

Where, by the terms of the contract the commissioners were authorized to make any alterations in the "form, dimensions, or materials of the work," a resolution ordering the excavation to cease at a certain point, or to go no farther is not a violation of the contract.

*Appeal from General Term.*

THIS action is brought to recover a balance for work done under a contract between the parties for the construction of section 96 of the Croton Aqueduct. This section included the reservoir. The plaintiff also claimed damages for having been prevented from excavating rock from the northern section of the reservoir.

The contract required the plaintiffs to furnish the materials and perform all the labor necessary to construct section 96 of the Croton Aqueduct. In doing the work the plaintiffs were to receive for rock excavation $1.00 per cubic yard, and for earth excavation fourteen cents. The contract bound the contractors to perform the work as stated in the specifications, "but any alterations in the form, dimensions, or materials of said work, which may be directed in writing by the commissioners or the engineer, shall be made by the con-

tractors as directed," and to prevent dispute it was agreed that the engineer should in all cases determine the amount or quantity of the several kinds of work to be paid for under the contract, and that the engineer should decide every question which could arise relating to the execution of the contract on the part of the contractors, and his estimate and decision should be final and conclusive.

In the specification the northern section was described to have twenty feet depth of water, and the southern twenty-five feet depth.

In May, 1840, the water commissioners adopted a resolution that the construction of the northern division of the reservoir be suspended, except so far as the excavation of rock and earth required in the adjacent section may be considered as part of the aqueduct. This was communicated to the contractors.

On May 27th the chief engineer notified the contractors that they were to carry on the excavations so far as may be necessary to obtain materials for the work on the southern division.

In July, 1840, another resolution was passed by the water commissioners directing the contractors to proceed with the construction of the northern division, except that the rock excavation be carried no further than may be necessary for obtaining materials to complete the work on the section.

It does not appear whether or not this resolution was served on the contractors, but it was proved that the substance of the resolution was acted upon, and the assistant engineer testified that he heard of the substance of that direction as early as 1839, and he understood no rock excavation was to be made simply for making room.

In 1842 the contractors notified the water commissioners that their work had been completed for several weeks, and asking payment of the balance remaining unpaid. The engineer also testifies that he sent the resolution of the commissioners to the plaintiffs.

The plaintiffs objected to such directions as to the rock excavation.

The judgment now appealed from allows to the plaintiff three items of recovery. 1. For balance due of $3,483.49 interest. 2. Damages for not allowing them to excavate the northern section of the reservoir. 3. For money paid to obtain the use of a piece of land during the work.

From this judgment the defendants appealed to the General Term who affirmed the judgment. The defendants now appeal to this court.

*C. O'Conor*, for the appellants.

*John H. Reynolds*, for the respondents.

INGRAHAM, J.     There is no doubt as to the correct amount of the balance for work done under the contract. This amount was certified to by the engineer, and was retained by the commissioners as part of the ten per cent which, by the contract, they were authorized to retain. For this amount, application was made to the president of the board, who offered to pay it on condition that the plaintiffs would give a receipt in full. This was refused, and the payment by the commissioners was then refused.

After this refusal by the commissioners to pay, on the ground that the plaintiffs would not release their claim for damages, it was not necessary that the plaintiffs should resort to any other mode to obtain payment. The contract was conceded by both parties to be finished, and when the balance admitted to be due was witheld for the purpose of compelling a release of other claims, the plaintiffs had a right to resort to an action for its recovery.

There is no good ground shown why the plaintiffs should not recover this balance with the interest.

Nor was there any good answer to the plaintiffs' claim for one hundred dollars paid to Dr. Wagstaff.

The commissioners passed a resolution that one hundred dollars be allowed to the contractors toward procuring certain land privileges necessary to the prosecution of the work. The money was paid by the plaintiffs for the commissioners and at their request. It was in no way included in their

contract, or subject to its provisions, but was to be paid in the same manner as any money paid by one party for the benefit of another and at his request.

The third item is for damages for not allowing the commissioners to complete their contract.

This embraces two questions, first, whether they were entitled to recover any damages for the acts of the commissioners, and second, whether if such damages could be recovered, the plaintiffs could recover interest on such damages.

Upon the trial the judge charged the jury that " the discontinuance of the work on the northern division was in law a violation of the contract, and that the plaintiffs were entitled to damages."

" He also charged that the plaintiffs were entitled to interest on their damages for the work so omitted in point of law, such interest to be computed from the time at which the plaintiffs would have received their payment in case they had performed all the work according to the original plan." The right to recover damages depends upon the construction put upon the acts of the commissioners in regard to the northern section of the reservoir. They directed that no rock should be blasted after a certain period from that portion of the reservoir excepting what the contractors might want for other portions of the work. This is claimed by the plaintiffs as suspending their work on that section. I am not able to agree with that view of these resolutions. The commissioners had power to make alterations in the form, dimensions or materials of the work. They made such alterations by directing that the northern section should not be excavated any deeper than it was at the time of the passage of the resolution, and they afterward modified that by another resolution directing them to proceed with the work on the northern division according to the plans, except that the rock excavation is to be carried no further than might be necessary to complete the work on section 96.

The receipt of the last resolution is disputed, but the weight of evidence is that it was communicated to the plain-

tiffs and their letter to the commissioners asking for payment for the balance, strengthens that conclusion.

These two resolutions taken together will bear no other construction than that the commissioners determined to reduce the depth of the reservoir. That it had some depth and was capable of containing water is apparent from the fact that it was filled after the contract was finished.

I suppose it can hardly be denied, that the commissioners might, under the power secured to them in the contract, have reduced the size of the northern division by cutting off one block or more, or less, and directing the contractors to finish the residue according to the contract. And if such piece so excluded from the work contained all or more of the rock excavation, it would afford no ground for damages on that account. I see no difference between such an alteration and one made in the depth. Suppose the commissioners had discovered that by excavation of the rock to the depth proposed, they would have opened the rock to fissures through which the water would have passed off from the reservoir, would any one doubt their power and duty to have ordered that the rock should not be removed. And if for any other cause, they deemed it expedient not to alter the rock bottom of the reservoir I see no reason why they had not the same power. It was a matter left to their discretion and judgment to make alterations in the form and dimensions of the aqueduct. By dimensions must be understood the extent, length, breadth and depth of the work. Any of these portions they had a right to alter. They did so by diminishing the depth; a power they had a full right to exercise, and one which strictly comes within the reservation in the contract.

When this case was before this court on the former appeal some of the judges placed their opinions upon the ground that the work on the contract was suspended and that this was not within the reservation.

This was not the case. The contract was not suspended nor did the work cease. The very resolution under which they acted allowed the work to go on, even on the northern section so far as was necessary to complete the residue of the

work, and the same learned justice conceded that they might have altered the plan so far as to exclude the northern division altogether from the work. I am at a loss to conceive how a direction not to take any more rock from the bottom is less of an alteration in the dimensions of the work or how leaving the bottom of the reservoir uneven where rocks projected instead of having them cut down to an even surface, is not more clearly an alteration than the other. Such must have been the conclusions of the plaintiffs when they wrote the letter saying "our work having been completed for several weeks, etc."

This view of the main question in the case renders it unnecessary to inquire whether, if the plaintiffs were entitled to recover damages, they could have interest on the amount of such damages. If, however, I should differ from my brethren on that branch of the case it is proper that I should express an opinion on the claim for interest.

Upon this branch of the case I concur with Judge SELDEN in the opinion delivered by him viz.: that the plaintiffs if entitled to damages are not entitled to recover interest thereon.

For the cause first stated however I am of opinion that the judgment should be reversed, unless the plaintiffs remit the amount allowed for damages for breach of the contract and the interest thereon, and a new trial should be ordered. If such amounts are remitted the judgment should be affirmed for the residue.

All were for reversal unless interest was deducted. HOGEBOOM, INGRAHAM, MULLIN and DENIO, were all against plaintiffs on damages.

JOEL TIFFANY, *State Reporter.*