## ELDERKIN vs. FELLOWS.

*March 25 — April 8, 1884.*

### Tender.

A tender of payment must be unconditional and not a mere offer of compromise. Thus where F. offered to pay E. $15 for certain services but E. refused to receive the money, saying that he would not take less than $75, there was no valid tender.

APPEAL from the Circuit Court for *Walworth* County.

The facts are stated in the opinion. The plaintiff appealed from the judgment in favor of the defendant.

For the appellant there was a brief signed by *Edward Elderkin, pro se,* and *Pinney & Sanborn,* of counsel, and oral argument by *Mr. Pinney.*

*H. F. Smith,* for the respondent.

ORTON, J. The plaintiff brought suit against the defendant, before a justice of the peace, for attorney's fees and professional services of the value of $105. The defendant answered by a general denial, and by setting up the statute of limitations as to part of the demand, and alleged a tender to the plaintiff before suit brought of $15, and that he had kept such tender good by being ready and willing to pay the same, and he brings such money into court, ready to be paid to the plaintiff if he will receive the same. The justice found, after a trial upon the merits, that the value of the plaintiff's fees and services did not exceed the sum of

$15, and that such sum was tendered by the defendant to the plaintiff before the suit was brought, and that said money had been paid into court subject to the plaintiff's order, and rendered judgment for costs against the plaintiff. From this judgment the plaintiff appealed to the circuit court. The circuit court having heard said cause upon the return of the justice, rendered judgment against the plaintiff for the costs before the justice remaining unpaid, with interest thereon, together with the costs in that court.

The justice did not write down all the material testimony, as required by the statute, but much of it he preserved in his memory, and returned it from his recollection, and the circuit court heard the case upon it. This, at least, was an irregularity, but it may have been waived by the expressed assent of the defendant and tacit assent of the plaintiff, upon the justice announcing his inability to write down the testimony at the time. But aside from this irregularity, and that of not *affirming* the judgment, but rendering an original judgment in the cause, in violation of sec. 3769, R. S., the judgment was so rendered, both by the justice and the circuit court, by reason of the pretended tender of the sum of $15 before suit was brought. This tender is not sought to be sustained as one made after suit was brought, and of course could not be, because no costs were tendered, as required by sec. 4266, R. S., together with the sum due. The tender, if any was made, must have been such as can be sustained at common law.

According to the recollection of the justice the defendant testified as follows: "That on or about the 3d day of August, 1882, at the town of Lyons, in the county of Walworth, the said defendant, having $15 in his pocket-book, took out his pocket-book and told the plaintiff that he had $15 in his pocket-book, and *that he would pay* said $15 to said plaintiff for his services; but that plaintiff refused to receive the $15, saying he would not take less than $75, and

immediately walked away." This was all the evidence as to the pretended tender. It is true that the defendant testified that he had kept, and, after suit brought, had deposited, the same money in court; but there is no evidence that the plaintiff knew it, or that the defendant told him he would so keep it, or deposit it in court. This pretended tender was a mere offer to pay for plaintiff's services the sum of $15, and his refusal *to take it*, but demanding $75 for the same. It was an offer of compromise to pay $15 for the whole of the plaintiff's demand of $105, and an offer by the plaintiff to take $75, and both offers were rejected. By all the authorities, such an offer falls far short of a legal tender. The tender must be understood as a tender, and be absolute and unconditional. 2 Greenl. on Ev., secs. 602 *et seq.*

The alleged tender in *Hunter v. Warner*, 1 Wis., 141, was, "Warner said he had the money, and it should be paid when due; that he was ready to pay," etc. It was held no valid tender. "An offer with the understanding that it shall be accepted for the whole claim or the disputed claim, is not a good tender in law." *Latham v. Hartford*, 27 Kan., 249. "A tender is not good accompanied with a demand for a discharge of the whole debt." *Richardson v. Boston Chemical Laboratory*, 9 Met., 42. "I showed him $500 and told him he could have it for his claim." This was held conditional, and a mere offer of payment, and unavailing as a tender. *Tompkins v. Batie*, 11 Neb., 147. "An offer to pay to satisfy the whole debt," was held no tender in law, in *Thomas v. Evans*, 10 East, 101; and to the same effect are *Glasscott v. Day*, 5 Esp., 48; *Lancashire v. Killingworth*, 2 Salk., 623; *Clark v. Mayor of N. Y.*, 1 Keyes, 9; and *Thayer v. Brackett*, 12 Mass., 450.

Treating this offer as a legal tender in this case was a fatal error, and the plaintiff was entitled to a judgment before the justice of $15, at least; for the justice found the

services worth that much, and besides the plaintiff was entitled to a judgment for costs in both courts.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded to the circuit court with direction to that court to reverse the judgment of the justice of the peace.