BORDEN v. CARTER.

(Court of Appeals of District of Columbia. Submitted October 9, 1919. Decided Nov. 3, 1919.)

No. 3238.

1. WAR ⬥⇒4—SALE OF LEASED PREMISES; RECOVERY BY BONA FIDE PURCHASER FOR OWN OCCUPANCY.

Under exception to Joint Resolution May 31, 1918, c. 90, 40 Stat. 593, a bona fide purchaser for his own occupancy of premises subject to a lease may, at termination of lease, before conclusion of treaty of peace, recover possession, irrespective of premises being necessarily required by him for his own occupancy.

2. JURY ⬥⇒17(1)—RIGHT TO JURY ON APPEAL FROM MUNICIPAL TO SUPREME COURT.

Code of Laws 1901, § 80, providing that on appeal to the Supreme Court from the municipal court the case shall be heard de novo, but either party may demand a trial by jury, in view of section 8 authorizing the Supreme Court to make rules regulating the practice and pleading before the municipal court and in relation to appeals from judgments therein, confers on parties to such an appeal no greater privileges than are exercised by other litigants, and so no right to jury trial, where under Supreme Court rule 19 plaintiff, the owner of leased premises, seeking recovery thereof and filing affidavit of merit, is entitled to summary judgment for failure of the affidavit of defense to raise an issue of fact.

Appeal from the Supreme Court of the District of Columbia.

Action by Phillip T. Carter against Clifford A. Borden. From judgment for plaintiff, on appeal from the municipal court, defendant appeals. Affirmed.

Chapin Brown and C. B. Bauman, both of Washington, D. C., for appellant.

Paul L. Wright and M. N. Richardson, both of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment for the appellee under rule 19 of the court below, in an action to recover possession of certain premises in the District of Columbia purchased by appellee for occupancy as a home.

[1] The case originated in the municipal court. In his affidavit of merit appellee alleged that the purchase of the premises in question was made in good faith as a home for himself and family. In the affidavit of defense it is averred that "the said premises are not necessarily required by the plaintiff [appellee] for his own occupancy," and it is insisted that this question should have been submitted to a jury. This question was determined by this court adversely to the contention of appellant in Maxwell v. Brayshaw, 49 App. D. C. ——, 258 Fed. 957 (decided May 22, 1919).

[2] It is further insisted that either party to a suit originating in the municipal court is entitled to a jury trial, upon demand, when the case is appealed to the Supreme Court of the District, and hence that rule

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

19 of the latter court is invalid. We twice have determined this question adversely to appellant's contention. Columbia Laundry Co. v. Ellis, 36 App. D. C. 583; Ganss v. Goldenberg, 39 App. D. C. 597. Counsel, however, place much stress upon section 80 of the District Code, which provides that on appeal to the Supreme Court from the municipal court a case shall be heard de novo, but that "either party may demand a trial by jury." Counsel insist that the words quoted leave no discretion in the court, so that, regardless of whether there is an issue of fact to be determined, the court must submit the case to a jury if either party demands. In Fidelity & Deposit Co. of Maryland v. United States, 187 U. S. 315, 23 Sup. Ct. 120, 47 L. Ed. 194, the validity of rule 73 of the Supreme Court of the District was upheld. It there was said, in effect, that no one is entitled to a jury trial in a civil case, unless there is an issue of fact to be determined, and that the purpose of rule 73 was merely to formulate such an issue.

Section 8 of the District Code authorizes the Supreme Court to make rules "regulating the practice and pleading" before the municipal court "and in relation to appeals" from judgments therein. When, therefore, Congress used the words quoted from section 80, it was intended to confer upon parties to an appeal from the municipal court no greater privileges than were exercised by other litigants. If, under the rules adopted by the Supreme Court of the District, an issue of fact was raised, the determination of that issue was for the jury upon demand of either party; but, if there was no such issue of fact, the statute certainly did not require the court to go through the idle ceremony of sending the case to a jury.

The judgment is affirmed, with costs.

Affirmed.