## HEITMULLER v. STOKES.

(Court of Appeals of District of Columbia. Submitted December 2, 1919. Decided January 5, 1920.)

### No. 3273.

Eminent domain ☞2(1)—United States ☞69—No implied contract by United States to pay for property under Saulsbury Resolution.

There was no taking of private property for public use under the Saulsbury Resolution, within the meaning of the Constitution, and hence there was no implied contract on the part of the United States to pay the value of the property taken, as under such resolution the landlord was deprived of his property for the benefit of the tenant.

Appeal from Supreme Court of the District of Columbia.

Action by Slyvanus Stokes against Anna Heitmuller. Judgment for plaintiff, and defendant appeals. Affirmed.

Chapin Brown and C. B. Bauman, both of Washington, D. C., for appellant.

W. E. Lester, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District for the plaintiff, appellee here, under law rule 19 of that court, in a landlord and tenant proceeding instituted in the municipal court.

Appellant challenges law rule 19, and relies upon the Saulsbury Resolution (40 Stat. 593). Rule 19 was sustained in Borden v. Carter, 261 Fed. 458, decided by this court on November 3, 1919 (47 Wash. Law Rep. 749), while the Saulsbury Resolution was declared unconstitutional in Willson v. McDonnell (D. C.) 265 Fed. 432, decided December 1, 1919.

Counsel for appellant suggest that the decision in United States v. Lynah, 188 U. S. 455, 23 Sup. Ct. 349, 47 L. Ed. 539, may have some

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bearing upon the constitutional question. In that case it was ruled that—

"When the government appropriates property, which it does not claim as its own, it does so under an implied contract that it will pay the value of the property it so appropriates."

But it was not ruled that a statute would be constitutional that authorized the taking of private property for public use without any provision for compensation. In Chicago, Burlington & Q. R. Co. v. Chicago, 166 U. S. 226, 236, 17 Sup. Ct. 581, 584 (41 L. Ed. 979), the court said:

"The Legislature may prescribe a form of procedure to be observed in the taking of private property for public use; but it is not due process of law, if provision be not made for compensation."

However, we need not pursue the question, for under the Saulsbury Resolution, as we already have indicated, one individual (the landlord) was deprived of his property for the benefit of another individual (the tenant), so that there has been no taking of private property for public use within the meaning of the Constitution. It necessarily results that there is no such implied contract on the part of the United States as appellant here invokes.

The judgment is affirmed, with costs.

Affirmed.