## DAVIDGE v. SIMMONS.

(Court of Appeals of District of Columbia.    Submitted February 4, 1920.
Decided April 5, 1920.)

### No. 3293.

1. **Tender ⊕⇒14(5)—Statement on checks that they were for "rent" for certain period equivalent to statement that it was all that was due.**

    A statement on checks offered by a tenant, "rent" for certain periods named, was equivalent to saying that they represented "the sum agreed upon" or the "compensation," not a part, but all, "for the use of the property"; rent commonly meaning "a certain pecuniary amount, agreed upon between a tenant and his landlord, and paid at fixed intervals by the tenant to the landlord, for the use of land or its appendages." Hence the offers of the checks were conditional tenders, and not valid.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rent.]

2. **Tender ⊕⇒14(1)—Must be unconditional.**

    To be effective as such, a tender must be unconditional.

3. **Jury ⊕⇒17(1)—Supreme Court rule did not give party right to jury trial on appeal in landlord and tenant case.**

    Supreme Court rule No. 19 is applicable to landlord and tenant cases, and on an appeal a party cannot demand a jury.

4. **Appeal and error ⊕⇒712—Matter not in record cannot be considered.**

    On appeal, the court can consider only what the record discloses.

5. **Landlord and tenant ⊕⇒284—Acceptance of rent does not abate action.**

    Acceptance of rent already in arrears does not abate a landlord's right of action for possession.

6. **Appeal and error ⊕⇒767(2)—Brief containing disrespectful language stricken.**

    A brief using disrespectful language with respect to opposing party or counsel will be stricken on motion.

    McCoy, Chief Justice of Supreme Court, dissenting.

Appeal from the Supreme Court of the District of Columbia.

Action by Leo Simmons against John W. Davidge.    Judgment for plaintiff, and defendant appeals.    Affirmed.

Julius I. Peyser and Geo. E. Edelin, both of Washington, D. C., for appellant.

Bates Warren, W. H. Sholes, and B. L. Simmons, all of Washington, D. C., for appellee.

SMYTH, Chief Justice.    Davidge occupied an apartment belonging to Simmons under a lease which reserved a rental of $1,260 a year, payable monthly in installments of $105, and which expired September 30, 1918.    After the expiration of the lease Davidge became a tenant at sufferance for a month.    Simmons refused to permit him to remain longer, unless he paid a rental of $1,386 a year, payable in installments of $115.50 a month.    Davidge declined to pay the additional rent, and, after due notice to quit, refused to vacate the premises, but, resting on the Saulsbury Resolution (40 Stat. 593), sent to Simmons each month his check for $105, the old rent.    The check for November had written upon it these words, "Rent Apt. 42, 2139

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wyo. Ave. Nov. '18," and each check thereafter had a similar state-ment, except the name of the month and the year which were changed to correspond with the period for which the rent was offered. Simmons refused to receive the checks and returned them to the sender. Davidge insists that the checks constituted a good tender, and that, in consequence, he is entitled to the protection of the Saulsbury Resolution.

[1, 2] Webster's Dictionary says that rent commonly means "a certain pecuniary amount agreed upon between a tenant and his landlord and paid at fixed intervals by the tenant to the landlord for the use of land or its appendages." According to the Standard Dictionary "rent" is defined, in the popular sense, as "the compensation paid for the use of any kind of property, movable or fixed." The statement on the several checks that they were "rent" for the periods named was equivalent to saying that they represented "the sum agreed upon" between Simmons and Davidge, or the "compensation"—not a part, but all—"for the use of the property." It was so understood by Simmons, for that was the reason why he refused to accept the checks; and Davidge says, in his affidavit of defense, that the several checks were "intended to be a receipt in full for the month indicated." Thus the parties agree upon the interpretation to be placed on the statement. Taking this interpretation as correct, the statement contained a condition—made the tender a conditional one. To be effective as such, a tender "must be unconditional." Hepburn & Dundas v. Auld, 1 Cranch, 321, 2 L. Ed. 122; Taylor v. Ruppert et al., 39 Wash. Law Rep. 66; Elderkin v. Fellows, 60 Wis. 339, 341, 19 N. W. 101; Richardson v. Boston Chemical Laboratory, 9 Metc. (50 Mass.) 42, 52; Henderson v. Cass County, 107 Mo. 50, 56, 18 S. W. 992; Moore v. Norman, 52 Minn. 83, 87, 53 N. W. 809, 18 L. R. A. 359, 38 Am. St. Rep. 526; Tompkins v. Batie, 11 Neb. 147, 153, 7 N. W. 747, 38 Am. Rep. 361; Holton v. Brown, 18 Vt. 224, 226, 46 Am. Dec. 148.

"The tender," says the court in the Elderkin Case, quoting Greenleaf on Evidence, § 602, "must be understood as a tender, and be absolute and unconditional." In the Henderson Case it was held:

"A tender, to be of any avail, must be unconditional. The debtor cannot insist that the creditor shall admit that no more is due in respect of the debt for which the tender is made."

According to the Supreme Court of Nebraska in Tompkins v. Batie:

"There must not be anything raising the implication that the debtor intended to cut off or bar a claim for any amount beyond the sum tendered."

Bowen v. Owen, 63 Eng. C. L. R. 130, 135, when considered in the light of its facts, may seem to be in conflict with the views expressed in the American decisions from which we have quoted, although the principle announced therein is in harmony with them. Mr. Justice Erle said that if the person who makes the tender "requires the other party to accept it as all that is due, that is imposing a condition; and, when the offer is so made, the creditor may refuse to consider it as a tender." Davidge required Simmons to accept the checks in payment of "all that was due," and this constituted a condition which, according to the Bowen Case, rendered the tender ineffective. If Simmons

had accepted the checks and cashed them, it might, in the language of the Tompkins Case, have compromised "his rights in seeking to recover more"; and the law did not require him, in the circumstances, to do anything which would have that effect. The rent not having been paid, and a sufficient tender thereof not having been made, Davidge is not entitled to the shield of the Saulsbury Resolution, even if it were valid.

[3] It is urged that rule 19 of the Supreme Court, under which the judgment was rendered, is inapplicable to landlord and tenant cases. This court has recently held otherwise. Borden v. Carter, 49 App. D. C. 116, 261 Fed. 458.

[4, 5] We are informed in the brief for Davidge that since the decision in the court below Simmons commenced action and recovered judgment in the municipal court against him for the value of the use and occupation of the property from the date on which the notice expired down to the institution of the action. The judgment has been satisfied, and it is urged that because of this Davidge is entitled to have the case reversed. A ready answer to the claim lies in the fact that there is nothing in the record to that effect, and of course, we can consider only what the record discloses; but, even if it was in the record, the result would be the same. Acceptance of rent already in arrears does not abate a landlord's right of action for possession. Edwards v. Totten, 48 App. D. C. 418.

[6] Complaint is made of certain language in the brief of Simmons which is intended to reflect upon Davidge. We regret to say that the complaint is well founded. There is nothing in the record to support the reproachful allusions. Davidge did nothing but what he believed, in good faith, he had a right to do under the law. For this he is not subject to criticism. Counsel should understand that language used in briefs or oral argument with respect to opposing party or counsel must be respectful. We are glad to say that infractions of this salutory rule are very rare at our bar. The motion to strike the brief is sustained.

The judgment is affirmed, at the cost of the appellant.
Affirmed.

Chief Justice McCOY, of the Supreme Court of the District of Columbia, sat in the place of Associate Justice ROBB, who took no part in the decision or consideration of this case.

McCOY, Chief Justice (dissenting). I feel obliged to dissent. It seems to me that the tender made by the appellant was a good one. In Bowen v. Owen, 63 Eng. C. L. R. 130, it appeared that the tenant sent the amount admitted by him to be due for rent, with a letter reading as follows:

"I have sent with the bearer £26, to settle one year's rent of Nant-y-Pair."

See, also, Jones v. Bridgman, 39 Law Times Reporter, 500, which follows Bowen v. Owen, stating that that case overruled Hastings v. Thorley, cited at 38 Cyc. 153, note 59. In Robinson v. Ferreday,

34 Eng. C. L. R. the tender was accompanied by the words that the amount was "all that was considered to be due," and that was held to be a good tender. See, also, Preston v. Grant, 34 Vt. 201; Foster v. Drew, 39 Vt. 51. It is true that Davidge admits in his affidavit of defense that the checks were tendered in payment of a month's rent, and intended to be a receipt in full; but as he did not say anything to Simmons indicating that intention, beyond the indorsements on the checks, the interpretation of the acts of sending the checks rests entirely upon what construction the law places upon the use of the words so indorsed.

If the tender was good, it is necessary to decide whether the appellant was protected by the Saulsbury Resolution. The question of the constitutionality of the resolution was not argued; counsel assuming that a previous decision by this court was controlling. If the present appeal had to be decided upon a consideration of the Saulsbury Resolution, obviously it should be passed upon by those only, who are justices of this court, and not by one who is merely an acting justice; but, as the decision is not to turn upon the validity of the resolution, it is probably not improper to say that, as I am not satisfied that the resolution is clearly unconstitutional, the defendant, in my opinion, is protected by it.

I concur in granting the motion to strike the brief, as it is scandalous and impertinent.