**CAMERON COUNTY WATER IMPROVEMENT DIST. NO. 8 v. DE LA VERGNE ENGINE CO.**

**No. 8862.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 23, 1938.

J. C. Looney, of Edinburg, Tex., and R. A. Dunkelberg, of Brownsville, Tex., for appellant.

Tom M. Davis, of Houston, Tex., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought by appellee to recover on certain obligations of appellant in payment for an engine and other equipment. There was judgment for appellee in the District Court. On a pre-

vious appeal we reversed that judgment but held that appellee was entitled to recover rent for the use of the equipment, within the period of statutory limitation, at the rate of $6,000 per annum. We refer to the opinion on that appeal for a full statement of the case. See Cameron County Water Improvement District No. 8 v. De La Vergne Engine Co., 5 Cir., 93 F.2d 373. The present appeal is from a judgment awarding rent for a period beginning two years before suit was filed and ending on the date the last judgment was entered in the District Court.

Error is assigned on only two grounds: (1) That the rent should have been calculated for a period beginning two years before the suit was filed but ending on December 17, 1936, when the engine, pumps, etc., were tendered back to appellee. (2) That, in the alternative, the rent should have stopped on the 5th day of October, 1937, when appellee sold the engine at foreclosure sale.

The plea of tender is based on a trial amendment filed by appellant on December 17, 1936, which contained this offer:

"Cameron County Water Improvement District No. 8 is willing that the plaintiff take back the engine and pump and all connections and parts thereof which the plaintiff claims to have sold to said District, upon the plaintiff delivering back to said District all of the notes, bonds and other claimed obligations of said District which were delivered to the plaintiff by said District and by C. P. Barreda in connection with the claimed purchase of such engine and pump and connections and parts thereof, and the extension agreements in connection therewith,—and for this purpose the said District now here offers and tenders back to the plaintiff the said engine and pump and all connections and parts thereof which were delivered by said plaintiff to said District, and says that it is willing for the plaintiff to take possession thereof and remove the same from the premises of said District."

 The general rule is that a tender to be effective must be unconditional and all that is due must be tendered. Hepburn v. Auld, 1 Cranch 321, 2 L.Ed. 122; Colby v. Reed, 99 U.S. 560, 25 L.Ed. 484; Davidge v. Simmons, 49 App.D.C. 398, 266 F. 1018; Calif. State Life Ins. Co. v. Elliott, Tex.Civ.App., 193 S.W. 1096; 40 Tex.Juris. pages 845, 846, "Tender."

▇▇ . Conceding, for the sake of argument, that a tender would be effective if offered in a pleading, where, as in this case, the property tendered is bulky and difficult to deliver, without an actual physical tender, it is apparent that the plea relied on is not sufficient for that purpose. At the time the trial amendment was filed the parties were litigating the right to recover on the obligations of the district and a condition of the tender was that appellee should give up that claim and surrender back to the district all the notes, bonds, and other obligations. Furthermore, rent, subsequently held to be due, for the use of the engine and equipment, was not tendered nor was there an offer to pay costs accrued. The pleading was therefore without effect as a tender.

▇▇ On the second assignment of error we find nothing in the record to indicate that appellee ever sold an engine or any part of the equipment under foreclosure, nor does that fact appear from an examination of the record on the previous appeal.

There is nothing in the record before us tending to show that appellant did not retain possession and use of the engine and other equipment down to the date of the final judgment.

Affirmed.