# NELSON v. UNITED STATES.

---

D. C. CODE, SEC. 868 (31 STAT. AT L. 1331, CHAP. 854), CONSTRUED; SET-
　　TING UP GAMING TABLE; MOTION TO DISCHARGE; WAIVER.

1. D. C. Code, sec. 868, providing that certain preceding sections relating
to gaming shall be liberally construed so as to prevent the mischief in-
tended to be guarded against, does not warrant a conviction under one
of such sections where the information is founded on another section.

2. In order to support a conviction under D. C. Code, sec. 866 (31 Stat. at
L. 1331, chap. 854), for knowingly permitting a gambling device to
be set up or used, it must appear that the defendant was in possession,
or in control, of the premises where such act took place.

3. The words "possession or control," as used in D. C. Code, sec. 866, mean
some right or power over or in the premises for the time being, and the
right to exercise some power relative thereto. Accordingly, a con-
viction cannot be had under that section where it appears that the
premises were, at the time of the act of the accused, under the con-
trol of a representative of the owner, although the accused was present
and had set up a gaming table therein.

4. A defendant in criminal proceedings does not waive a motion to dis-
miss the charge because of the insufficiency of the evidence, by intro-
ducing evidence tending to show his good character and the necessities
of his family.

5. *Semble,* that, under sec. 866, D. C. Code, making it an offense knowing-
ly to permit a gambling device to be used, proof of a single offense
is sufficient to warrant a conviction.

No. 1657. Submitted May 11, 1906. Decided June 5, 1906.

IN ERROR to the Police Court of the District of Columbia.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is a writ of error to the police court of the District of

Columbia to review a judgment of that court finding the plaintiff in error, Harry Nelson, guilty upon an information filed against him charging him with a violation of sec. 866 of the District Code [31 Stat. at L. 1331, chap. 854].

The information charged that "on the 1st day of June, in the year of our Lord one thousand nine hundred and five, and on divers other days and times between that day and the day of filing the information, with force and arms, at the District aforesaid, and within the jurisdiction of this court, in a certain house, building, and premises, the said house, building, and premises then and there being in the possession and under the control of the said Harry Nelson, did knowingly permit to be set up and used a certain gaming table, for the purpose of gaming, at which there were bet and wagered money and other things, against the form of the statute in such case made and provided, and against the peace and government of the United States of America."

The evidence adduced by the government showed that on the night of March 17th, 1906, the defendant was in a certain pool room situate in the District of Columbia shooting crap; that the defendant cut the game every first and third pass for different sums of money, which he put in his pocket; that the game was played in the rear part of the pool room, "and that one Jesse Johnson was in possession and control of said pool room representing the owner thereof, and was at the time present in the front part of the said pool room, and did go back from time to time, and looked on and watched the game."

It further appeared that the defendant had not been seen at the pool room at any time other than the night in question. No further evidence was offered by the government.

The defendant then moved the court to dismiss the charge, and to discharge the defendant from custody, on the ground that the evidence did not disclose, and the government had failed to prove, that the pool room where the game was carried on was in possession and under the control of the defendant.    This motion was overruled by the court, and an exception duly noted.

The defendant then called his sister as a witness, who testified that he was married, had two small children, and that his

wife was sick, and that he had never been in trouble before. Defendant then moved the court to discharge him from custody, on the ground that one act would not make him guilty of the offense charged in the information. This motion was overruled, and an exception duly noted.

The court adjudged the defendant guilty, and sentenced him to pay a fine of $50, in default, to serve three months in the District jail; whereupon a writ of error was sued out to remove the case to this court upon the exceptions taken at the trial.

*Mr. Marion T. Clinkscales* and *Mr. Armond W. Scott* for the plaintiff in error.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. Stuart McNamara* and *Mr. James M. Proctor,* Assistants, for the defendant in error.

Mr. Justice DUELL delivered the opinion of the Court:

The errors assigned are threefold, but they raise but two questions, the first being that the court erred in not granting the motion to dismiss the charge and discharge the defendant from custody upon the ground that the evidence offered by the government failed to prove that the room where the game was played was in the possession or under the control of the defendant,—that it was insufficient to prove the charge as alleged in the information; and the second being that it was error to hold that one act constituted the offense alleged in the information.

Before considering the alleged errors it may be said that section 866 of the Code is one of four,—the others being 865, 867, 868 [13 Stat. at L. 1331, chap. 854],—relating to gaming within the District of Columbia. Section 865 is intended to reach and punish those who set up or keep the gaming table. It provides, in substance, that whoever shall, in the District, set up or keep any gaming table, etc., for the purpose of gaming, or shall induce, entice, or permit any person to play or bet at or upon the

gaming table or gaming device, shall, upon conviction, be subject to a certain penalty or punishment.

Section 866 is as follows: "Whoever, in the District, knowingly permits any gaming table, bank, or device to be set up or used for the purpose of gaming in any house, building, vessel, shed, booth, shelter, lot, or other premises to him belonging, or by him occupied, or of which at the time he has possession or control, shall be punished by imprisonment in the jail for not more than one year, or by a fine not exceeding $500, or both."

Each section refers to a separate and distinct offense. One makes it unlawful to set up a gaming table, the other unlawful to knowingly permit some other person to set up such a table under certain conditions.

Section 867 need not be considered.

Section 868 provides that the court shall construe the preceding sections liberally, so as to prevent the mischief intended to be guarded against.

That the evidence was sufficient to show that the defendant had violated section 865 by setting up a gaming table is abundantly proved. As the information charges him with an offense not referred to in section 865, but with the offense set out in section 866, the evidence, in order to uphold the conviction under the latter section, must show that that section was violated by the defendant. It is contended, on the part of the government, that weight should be given to section 868, which requires that the preceding sections shall be liberally construed. It can hardly be maintained, even conceding that that section is to be given any weight, that evidence showing, or tending to show, that one section may have been violated, warrants a conviction of an offense set forth in another section, unless it shows that the defendant has violated such other section upon which the information is founded. This being so, it is necessary to consider whether the testimony was sufficient to warrant a conviction, and whether the question of its insufficiency was properly raised in the court below.

1. It is urged as the first error that the court should not have overruled the motion to dismiss the charge and discharge the defendant from custody. That motion was made when the govern-

ment rested, and was based upon the ground that the evidence did not disclose, and that there was no proof, that the place where the gaming was going on was in the possession, or under the control, of the defendant.

In order to warrant a conviction under section 866 it is necessary that a defendant shall knowingly permit a gambling device to be set up or used for the purpose of gaming upon premises owned or occupied by him, or of which at the time of the commission of the offense he has possession or control. In the case at bar it is not contended that the premises upon which the alleged offense was committed belonged to the defendant, or that it was occupied by him, other than that he was present in the room and had therein set up a gaming table. On the contrary, it affirmatively appears that the defendant was never seen at this pool room at any other time than the single night in question. Nor is there any evidence that he was "in possession or control" of the room within the definition properly applicable to those words as used in the section. Possession, in law, as that term is used in the section, must mean some right of power over or in the premises for the time being at least. And to have control of the premises must mean, also, the right to exercise some power relative thereto. The evidence not only fails to show that the defendant, at the time of the commission of the alleged offense, had possession of, or control of, the room, but the government affirmatively showed that another, one Jesse Johnson, was in possession and control of the pool room, and that he represented its owner. The authorities cited by the government to show that the defendant's presence in the room was tantamount to its possession and control by him have been examined, but do not seem to be in point. It may be admitted that it is not necessary that the defendant should have had permanent possession of the room, or that he should have been the lessee or keeper of the room; and it may be further admitted that he would have been liable as an agent, or servant, or as temporarily in charge of the room. The authorities do not seem to go beyond this. But the difficulty with the case is that the evidence utterly fails to show any such agency, servi-

tude, or temporary charge of the premises.   The evidence simply showed that the defendant had set up a gaming table in the room,—an offense provided for by section 865. It failed to show that the room where the gaming table was set up was under the possession of, or in the control of, the defendant, as that term is used in section 866.   There was a fatal variance between the allegations of the information and the proof offered.

It is, however, contended upon the part of the government that the defendant lost the advantages of his motion to dismiss the charge and for his discharge by adducing testimony after such motion was denied.   Had such testimony offered on behalf of the defendant been of a nature to show that he had abandoned the motion, and had the evidence given related to the merits of the case, the contention would be entitled to more weight.   But the testimony given had no bearing upon the question at issue. As we have noted, it related to the condition of the defendant's family, and that he had never been in trouble before.   It did not negative or strengthen the facts proved by the government.   It had nothing to do with the issue.   It could only serve to lead the court to impose a light punishment.

It would be a harsh rule to apply, provided the defendant was found guilty, to say that a defendant, by the introduction of such testimony, waived a motion that he be discharged from custody and the charge dismissed because the evidence was in-- sufficient to prove the charge.

2. It is also urged on behalf of the defendant that the court erred in holding that one act was sufficient to constitute the offense alleged in the indictment.   This may be disposed of in a single word.   Had the government shown that the defendant had once knowingly permitted gaming on premises owned or occupied by him and at the time in his possession or control, it would have been sufficient to support a conviction.   The section imposes no condition as to a repetition of the offense.   To knowingly permit an offense of this nature to be committed once is clearly sufficient.   There would have been no reason for Congress to provide that the act should not be punished unless it was repeated.   We do not consider this assignment well taken.

We are constrained, however, to hold that there was no evidence to support the allegations of the information that the plaintiff in error was guilty of knowingly permitting a gaming table to be set up on premises owned or occupied by him, or which at the time of the offense were in his possession or under his control.

For the reason that the record fails to show any violation of section 866 of the Code, upon which the information was based, the decision of the police court was erroneous, and its judgment must be reversed, and the cause remanded, with direction to discharge the defendant. It is so ordered.          *Reversed.*