(76 South. 702)

No. 22805.

STATE v. PETERS.

(Oct. 29, 1917.)

*(Syllabus by Editorial Staff.)*

INTOXICATING LIQUORS ☞227 — CRIMINAL PROSECUTIONS—EVIDENCE—REPUTATION OF ACCUSED.

On a trial for selling intoxicating liquors, evidence of the reputation of the accused in the community relative to selling whisky was not admissible, as the only fact that her reputation would have a tendency to prove was her character, and the character of accused cannot be gone into until she puts it in issue.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Carrie Peters was convicted of an offense, and she appeals. Judgment set aside and case remanded.

Osceola H. Carter, of Franklinton, for appellant. A. V. Coco, Atty. Gen., and J. Vol Brock, Dist. Atty., of Franklinton (Vernon A. Coco, Asst. Atty. Gen., of counsel), for the State.

PROVOSTY, J. On the trial of the accused on an indictment charging that she did, on the 16th day of December, 1916, sell intoxicating liquors in the parish of Washington without having first obtained a license, the prosecution was allowed, over the objection of accused, to prove by four witnesses successively "the reputation of accused relative to selling whisky in that community." The learned trial judge assigned as his reasons for the ruling that as this was the second time the accused had been before the court on the same charge, and as the person to whom the liquors were alleged to have been sold was absent from the parish with no possibility of his attendance being secured, and as the case was not being tried by a jury but by himself, he was entitled "to know all the facts and the reputation of this woman as to her known habits of retailing liquors was a material fact."

The court is, no doubt, entitled to be informed of all the relevant facts; but the only fact that the reputation of the accused would have a tendency to prove would be her character, and nothing is better settled in the criminal law than that the question of the character of the accused cannot be gone into until the accused himself has first put it at issue. 12 Cyc. 413.

The judgment appealed from is therefore set aside, and the case is remanded for trial according to law.