OVERTON, J.
 

 Defendant was informed against and convicted of having intoxicating liquor in his possession for. sale for beverage purposes, and prosecutes this appeal from the sentence pronounced against him.
 

 On the trial of the case it appears that the district attorney asked one of the state’s witnesses the following question, to wit:
 

 ■‘Do you know the reputation of the defendant in reference to his dealing in intoxicating liquor?”
 

 The witness answered the question in the affirmative, whereupon the defendant objected to the testimony about to be offered, because the state was without right to offer such evidence, since he (the accused) had not put his character at issue. The court overruled the objection, and the witness testified £hat the reputation of defendant, with respect to dealing in intoxicating liquor, was bad, and that a number of persons had spoken to him concerning the conduct of defendant regarding his dealings in such liquor. The trial judge says that he overruled the objection, because in his opinon the reputation of the accused as a “bootlegger” is admissible in intoxicating liquor cases.
 

 The ruling of the trial judge is wholly untenable. As was said in a comparatively recent ease, “Nothing is better settled in the criminal law than that the question of the character of the accused cannot be gone into until the accused himself has first put it at issue.” State v. Peters, 142 La. 249, 76 So. 702. This was said in a case involving the same question that is presented here, though in a slightly modified form, and, strange to say, the question was brought here from the same court, presided over by the same judge. In our view, the error in the ruling is fatal. No matter what the charge may be, the reputation of the accused cannot be inquired into by the state until the accused, himself makes it an issue by attempting to prove his good character, or by consenting that his character be shown.
 

 In setting aside the conviction, we recognize that our brother of the lower court says that, without the evidence to the effect that the accused has the reputation of being a “bootlegger,” there was ample evidence to call for a conviction, and we recognize also that this statement is made in a case in which the judge was sitting without a jury. While such a statement from a trial judge may be entitled to great weight, and
 
 *327
 
 may possibly save the verdict in a case in which he was sitting alone, when the evidence improperly admitted is not of a highly prejudicial nature, yet, when it is of such a nature, we think that 'the orderly administration of justice demands that the case be remanded for a trial in which the illegal evidence will not be before the court. In a case where it is before the judge, to be considered by him in ascertaining the guilt of the accused, he is too likely, notwithstanding his conclusion to the contrary, to have been influenced by it in reaching a verdict, without being conscious of its influence. State v. Nejin, 140 La. 793, 808, 74 So. 103.
 

 For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded to be proceeded with consistently, with the views herein expressed.