### HOWE v. UNITED STATES.
No. 5475.

Court of Appeals of District of Columbia.
Argued Jan. 4, 1932.
Decided Feb. 1, 1932.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant.

Leo A. Rover and John J. Sirica, both of Washington, D. C., for the United States.

Before ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

■ This is an appeal in a criminal case. Appellant was indicted and convicted for obtaining money under false pretenses. The evidence discloses that, by representing herself to be the widow of Henry E. Flagler, of Florida, and entitled to a large part of his $20,000,000 estate, she induced one Jane D. Pierson, a trained nurse in the city of Washington, to advance her from time to time various sums of money amounting to around $1,500. The circumstances under which the money was obtained appear at length in the evidence in the record but need not be repeated here. It is enough to say that it was shown to the jury that appellant, having obtained the confidence of her dupe, secured her entire life savings by false representations. The transaction from beginning to end was just a sordid swindle without a single extenuating circumstance. Appellant was as ruthless as her victim was guileless. In such circumstances, a conviction should not be lightly set aside.

■■ Error is assigned to the action of the trial court in permitting a witness to state that in conversation with appellant after her arrest, he asked her if she was the same Zora E. Flagler who was arrested in New York several years ago, and that she replied she was but that it had nothing to do with "this case." The record shows that the witness was the policeman who had arrested appellant. After he had brought her to detective headquarters, he asked her if she wished to make a statement and she replied she did; that, after warning her and advising her of her rights, she admitted she obtained the money from Miss Pierson, but insisted that she was in fact the widow of Flagler and had married him in Washington in 1907. Objection was duly made in behalf of the defendant to the admission of that part of the conversation in relation to the former arrest, but the trial court thought the whole conversation should go to the jury because of the difficulty of separation, stating at the time that he would caution the jury with relation to it at the close of the evidence, and this he undertook to do by telling the jury that the evidence had been admitted for the reason stated but should not be considered by them in determining the guilt of the accused.

We are unable to agree with the lower court that the part of the conversation objected to could not have been just as well left out, and we are not disposed to think that such error as there was in admitting it was much helped by the statement of the judge to the jury, but we think the error was harmless.

■ It is fundamental, of course, that evidence of one crime, wholly independent of that charged, may not be used to establish guilt; but here there was no evidence of any other crime, but at most an admission on the part of defendant that she had been arrested on a previous occasion under the name she was then declaring she was entitled to use. How, in view of the convincing character of the evidence of guilt, this could have resulted in substantial prejudice we are unable to see. To reach a different conclusion would involve our saying that in any criminal case the mere showing that a person had been previously arrested, and nothing more, would in itself be enough to so inflame the minds of a jury as to require a reversal. We know of no case which has gone so far, and certainly we have no wish to establish such a rule in a case like this. Here the evidence unmistakably shows that appellant was not the widow of Flagler and had no interest in his estate or any connection or relation to it. She did not herself take the stand, and she tendered no evidence in her defense. There was nothing offered in her behalf either in denial or in mitigation, while, on the other hand, the evidence of guilt, to which no objection was made, established that fact beyond doubt. In these circumstances, if appellant suffered any wrong it was, as the Supreme Court remarked in Horning v. Dis-

trict of Columbia, 254 U. S. 135, 139, 41 S. Ct. 53, 65 L. Ed. 185, "purely formal," since in this case, as in that, there was no doubt of guilt.

Affirmed.