## DONALD v. UNITED STATES.
### No. 7203.

United States Court of Appeals for the District of Columbia.
Argued Dec. 5, 1938.
Decided Jan. 9, 1939.

Harry T. Whelan and James J. O'Leary, both of Washington, D. C.; for appellant.

David A. Pine, U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty., both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

Appellant, Herbert Donald, his brother, John W. Donald, and two others were jointly indicted for violation of the gam-

bling laws of the District of Columbia.[1] Appellant alone was convicted and was sentenced to confinement in the Washington Asylum and Jail for a period of six to nine months. He appeals and assigns two errors: (a) that his case was not covered by the statute because the evidence showed that appellant was an employee and not proprietor or owner of the premises; and (b) that the court erred in not declaring a mistrial because of a prejudicial question asked by the District Attorney of appellant's brother on cross-examination.

First. The statute makes it unlawful for any person to keep any gambling device designed for the purpose of playing any game of chance for money or to permit any person to bet at or upon any such device. Here the evidence shows that, although the place—called a club—belonged to John W.. Donald, appellant was employed as manager and was in charge whenever the betting occurred, and the evidence further shows that bets made by the investigating police officer were placed with appellant and that marked money used in the bets was found on appellant's person after his arrest. We think this was enough to bring the case of appellant within the statute, and there is nothing in Nelson v. United States, 28 App.D.C. 32, to the contrary. There we said that it is not necessary that one charged with the crime of maintaining a gambling place should have been in permanent possession of the place or a lessee or keeper, but that it is sufficient if he is in charge of the place at the time the offense occurs.

Second. On the trial both appellant and his brother, John, testified. In his testimony in chief John stated that he had organized the "club" and that he visited it every day; that he had an understanding with the Police Department that they were welcome; and that it was not unusual for the police to visit and inspect the place; and that at no time had any complaint been made to him of gambling; that he had an agreement with Police Captain Callahan to report to him any complaints of gambling going on in the club. On cross-examination he was asked if police officers had not informed him that their reason for coming to the club was that they had received complaints "about husbands losing their week's salaries". The question was objected to, and the court struck it from the record and instructed the jury to disregard it. Subsequently appellant testified that he also had an arrangement with the police that, if complaints of gambling were received they would report them and that he, the witness, would see that the condition was corrected. In view of all this, we see no objection to the question. It was, in our opinion, proper cross-examination. Both appellant and his brother had testified they had invited the police to report any information about gambling in the place. The defendants had testified in chief that no complaints of gambling were ever made by the police. In the circumstances, counsel for the United States had the right to pursue the subject on cross-examination, and the question asked was so intimately related to the subject matter already opened up in the direct examination as to be entirely proper. But even if the question had been an improper one, the prejudice—if there was any—was cured by the prompt statement to the jury to disregard it.

"The trial of a case is not to be suspended, the jury discharged, a new one summoned, and the evidence retaken, when an error in the admission of testimony can be corrected by its withdrawal, with proper instructions from the court to disregard it." Hopt v. Utah, 120 U.S. 430, 438, 7 S.Ct. 614, 618, 30 L.Ed. 708.

We think appellant had a fair and impartial trial; that the evidence clearly required the verdict of guilty; and hence that the judgment should be, and it is, affirmed.

Affirmed.

---

[1] D.C.Code 1901, Sec. 865, D.C.Code 1929, Tit. 6, Sec. 153.