**PACKARD et al. v. UNITED STATES.**

No. 966.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 6, 1950.

Decided Dec. 1, 1950.

20

M. Edward Buckley, Jr., Washington, D. C., for appellants.

Emory W. Reisinger, II, Asst. U. S. Atty., Washington, D. C. (George Morris Fay, U. S. Atty. and Frank Strickler and Joseph Howard, Asst. U. S. Attys., Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The two appellants ask us to reverse their convictions on a charge of keeping a disorderly house. Code 1940, § 22—2722.

■ Their first contention is that the arrest warrant was invalid because issued without a showing of probable cause. We have examined the affidavit made by the arresting officer in applying for the warrant, and we are satisfied that it presented more than enough facts to establish probable cause. Without repeating the contents of the affidavit in detail, it is sufficient to say that the officer swore that he had kept the apartment of defendants under observation on three separate days and had seen varying numbers of men enter the apartment and emerge after fifteen or twenty minute intervals; that he overheard certain damaging admissions one of the defendants made to one of the men; that he himself was admitted to the apartment by one of the defendants and after identifying himself as a police officer received from her certain admissions which left no doubt as to her being a prostitute and operating a house of prostitution in the apartment. The affidavit also recited that the defendant was then in a state of almost complete undress, as was also a man who was present and who was told

to "come back later;" that still another man was shown out of the bedroom, in which room the officer observed certain highly incriminating evidence.

■ Once before in a disorderly house case, we referred to the rule enunciated by the Supreme Court in Dumbra v. United States, 268 U.S. 435, 441, 45 S.Ct. 546, 549, 69 L.Ed. 1032, that "if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant." United States v. Basiliko, D.C.Mun.App., 35 A.2d 185. The allegations of the officer's affidavit in this case clearly meet that test.

■ Appellants challenge the warrant of arrest on other grounds, but there is nothing in the record from which we can tell whether such grounds were pressed in support of their motion to quash. We cannot speculate on matters which may or may not have been before the trial court.[1]

■ Another contention is that the trial court lacked jurisdiction because the information charging the offense "was not properly signed by the proper prosecuting official as required by statute * * *" The record contains a "true copy" of the information in which the typed name of an assistant United States attorney is shown on the signature line without any symbol or other indication that the name was actually signed on the original. Other than that the record does not disclose the manner in which the name was placed on the signature line. The Government says in its brief that "The alleged defect was in the use of a rubber stamp signature * * * to subscribe the information." If that be the case, there was no defect at all. A similar situation was before us in McGrady v. Munsey Trust Co., D.C.Mun.App., 32 A.2d 106, 107, where the validity of a summons in a landlord and tenant proceeding was challenged because a rubber-stamp signature had been affixed by the clerk. In that case the applicable statute,[2] while requiring that court process be

1. Lee v. United States, D.C.Mun.App., 40 A.2d 250.

2. Code 1940, § 11—711.

signed by the court clerk, was silent as to the method of signature. Rejecting the contention that the rubber-stamp signature made the summons defective. We said: "In the absence of statutory direction as to the method of signing, we perceive no substantial difference between affixing one's name with a stamp or with a pen, when the intention is that such name constitute one's authentic signature." We apply the same rule here. We note moreover that the record is barren of any affirmative showing that the matter was ever directed to the attention of the trial court. Thus there comes into play the basic procedural rule that formal defects in an information not having been raised before verdict are cured thereby and cannot be complained of on appeal "unless it is apparent that they have resulted in prejudice to the defendant." [3] Such is not the case here.

■ The sufficiency of the evidence is challenged with a claim that the trial court erred "in denying defendants' motions for a directed verdict." This assignment of error is made untenable by the failure of the record to disclose that any such motion was ever made. "Error is not to be presumed, but must be made affirmatively to appear by the party asserting it." [4] Moreover, we note that the evidence, which it would serve no purpose to summarize here, was such as to require submission to the jury.

■ Another assignment of error relates to the refusal of the trial court to declare a mistrial on the basis of a remark made by one of the officers during his direct testimony. When asked whether he knew defendants he answered that he did not, but had pictures of them. The argument is made that the statement was prejudicial because the jury would necessarily infer that the pictures were from the "rogues' gallery" and that the remark revealed to the jury that defendants had a past record of arrests. We note that in denying the motion for mistrial, the trial court offered to instruct the jury to disregard the remark, but as in other respects, the record does not disclose what actually happened. "The appraisal of the fortuitous incidents of a trial in relation to an accused's rights is a matter primarily for the judgment of the trial judge in the immediate situation, and, unless there has been such an unwise exercise of his discretion as to amount to an abuse, his action will not be disturbed on appeal." [5] There was no abuse of discretion here, especially in view of the judge's offer to give a cautionary instruction to the jury, thereby curing whatever harm may have been caused by the remark. [6] Further we are not persuaded that the statement was actually prejudicial, for we have no way of knowing what meaning the jury drew from the officer's statement. This is altogether too vague and tenuous a ground on which to predicate a reversal. [7]

■ Likewise in the field of discretion was the action of the trial court in denying a motion for new trial. [8] The ground principally urged below in support of the motion, and the only one raised here, was that the verdict rested on perjured testimony. It was during the hearing on the motion that defense counsel made an oral statement that he had inspected the premises involved and that it was physically impossible for

3. Crapo v. United States, 10 Cir., 100 F. 2d 996, 1000; Anderson v. District of Columbia, D.C.Mun.App., 48 A.2d 710.

4. Morris v. District of Columbia, 75 U.S. App.D.C. 82, 83, 124 F.2d 284, 285, quoting Wabash Railway Co. v. Bridal, 8 Cir., 94 F.2d 117, 121, certiorari denied 305 U.S. 602, 59 S.Ct. 63, 83 L.Ed. 382.

5. Emery v. United States, 8 Cir., 127 F. 2d 561, 562; cf. Lee v. United States, 5 Cir., 91 F.2d 326; United States v. Hirsch, 2 Cir., 74 F.2d 215; Rosenberg v. District of Columbia, D.C.Mun.App., 66 A.2d 489.

6. Medley v. United States, 81 U.S.App.D. C. 85, 155 F.2d 857; Donald v. United States, 70 App.D.C. 14, 102 F.2d 618; Penwell v. District of Columbia, D.C. Mun.App., 31 A.2d 891.

7. See Howe v. United States, 61 App.D.C. 8, 56 F.2d 305, holding that a mere showing that a person had been previously arrested is not in itself enough to require a reversal.

8. McDonnel v. United States, 81 U.S.App. D.C. 123, 155 F.2d 297; Ippolito v. United States, D.C.Mun.App., 32 A.2d 256; Carpenter v. District of Columbia, D.C. Mun.App., 32 A.2d 251.

the two officers to have seen what they claimed to have seen from various vantage points in and near the building. His statement was not in writing and not under oath. After hearing defense counsel's argument, the judge suggested that the two prosecutors visit the scene; and this they did. Their report differed from that of defense counsel and was that the officers' testimony was not false in any material respect. Thus all the judge had before him was conflicting statements of counsel. Such would certainly not have warranted the granting of a new trial. Much less would it entitle us to say that there was an abuse of discretion in refusing it.

Appellants were fairly tried, their guilt was amply established, and they have shown no reason why their convictions should not stand.

Affirmed.