325 So.2d 250 (1975)
STATE of Louisiana
v.
Arthur YOUNGBLOOD.
No. 56755.
Supreme Court of Louisiana.
December 8, 1975.
*251 Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Arthur Youngblood was convicted of the December 23, 1974 armed robbery at a Tenneco Oil Station and Mini-Mart in New Orleans. He was sentenced to serve thirty-five years in the custody of the Director of the Department of Corrections. Defendant relies upon two assignments of error in this appeal.
In his first assignment, defendant contends that the trial court erred in allowing state witnesses to testify, over a defense objection made at the close of the state's opening statement, about a photographic identification of the defendant. His second assignment denotes as error the court's ruling denying his motion for a new trial, the motion being based upon the same alleged error assigned as No. 1. In support of his contention that the two assignments have merit, defendant argues that the state was in effect permitted to introduce evidence of his bad character even though he had not placed his character in issue. He cites La.R.S. 15:481,[1]State v. Rives, 193 La. 186, 190 So. 374 (1939) and State v. McBeth, 167 La. 324, 119 So. 65 (1928).
We do not find that the effect of the court's ruling, allowing the victim to testify that his initial identification of the defendant was occasioned by a review of photographs furnished him by the police, was to permit the state to introduce evidence of the defendant's bad character. No inference that an accused is a bad person can be drawn simply from the fact that the police had, or were able to procure, his photograph. It was not erroneous for such testimony to be elicited from the witness, for reference to the photographic identification constituted an "important link in the chain of evidence, without which there would have been a gap." See State v. Harris, 258 La. 720, 247 So.2d 847 (1971).
In brief, defense counsel argues further that "the district attorney's statement *252 was an impermissible reference to the defendant's prior record." He cites in support of this contention our recent decision in State v. Price, 325 So.2d 780 (La.1975), on the docket of this Court, pending on rehearing. In State v. Price we found that a prosecutor's use of the term "mug-shot" before the jury, and under circumstances which suggested that the "mug-shot" or photograph was made before the commission of the offense for which the defendant was on trial, was reversible error, for we concluded that such was a prejudicial remark by the prosecutor, an indirect reference to another crime committed or alleged to have been committed by the defendant. Defense counsel in that case had moved for a mistrial on the basis of Article 770(2) of the Code of Criminal Procedure,[2] and we held that a mistrial was mandated by that article.
In the case at hand there was no objection to any statement of the prosecutor.[3] Furthermore, even if there were before us, as in Price, a comment by the district attorney and a defense request for a mistrial, such comment about the "photograph" would not in our view be a direct or indirect reference to another crime committed or alleged to have been committed by the defendant.
We find no merit in defendant's assignments of error.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
SANDERS, C.J., concurs in the result only.
NOTES
[1] La.R.S. 15:481 provides: "Proof of bad character by state

"The state is permitted to introduce testimony of the bad character of the accused only in rebuttal of the evidence introduced by him to show good character."
[2] Art. 770. Prejudicial remarks; basis of mistrial

"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
[3] Defense counsel had simply at the conclusion of the state's opening statement interposed an objection to the promised introduction into evidence of testimony of the victim that he had been shown photographs by the police in connection with his initial identification of the defendant.