Arthur C. YOUNGBLOOD, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 82–3367

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1983.

408

Lee R. Leonard, New Orleans, La., for petitioner-appellant.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Petitioner, Arthur C. Youngblood, appeals the district court's dismissal of his habeas corpus petition, which alleged that he was denied effective assistance of counsel at his armed robbery trial in a Louisiana state district court. Youngblood maintains that he was denied effective assistance of counsel since the court-appointed attorney who represented him at his preliminary hearing was not the attorney who represented him at the subsequent trial. Additionally, Youngblood argues that his trial counsel was ineffective in that he failed to pursue a possible alibi defense. Concluding that Youngblood received reasonably effective assistance of counsel, this Court affirms the district court's dismissal of Youngblood's habeas corpus petition.

During the morning hours of December 23, 1974, Charles Williams was robbed at a Tenneco gasoline station in New Orleans, Louisiana. After looking at several photographs at the police station, Williams identified Youngblood as the armed robber. On his way home from the police station later that day, Williams saw Youngblood talking with police. Williams informed the police that Youngblood was the individual who had robbed him earlier that day. In an attempt to verify Williams' story, the police radioed the police station and were informed that Youngblood had been identified by Williams as the man responsible for the robbery at the Tenneco gasoline station. Consequently, Youngblood was arrested and a .38 revolver was found in his possession. The .38 revolver recovered from Youngblood was identified as the gun used in the Williams' robbery.

On April 11, 1975, Youngblood was convicted by a jury of his peers in the Criminal District Court for the Parish of Orleans for armed robbery. Youngblood received a sentence of thirty-five years after being adjudged a second felony offender. *See* LSA–R.S. 15:529.1. On appeal, his conviction and sentence were affirmed. *State v. Youngblood,* 325 So.2d 250 (La.1975). Youngblood then filed a petition for a writ of habeas corpus in the state court alleging that he was denied effective assistance of counsel. His petition was denied by the trial court on May 24, 1979. Thereafter, Youngblood applied for writs of certiorari, prohibition, mandamus, and habeas corpus in the Louisiana Supreme Court, which were each denied. *State ex rel Youngblood v. Blackburn,* 378 So.2d 1388 (La.1980). Having exhausted his state court remedies, Youngblood filed the instant proceeding alleging that he was denied effective assistance of counsel. Youngblood's petition was referred to a magistrate who, after conducting a thorough evidentiary hearing, concluded that habeas corpus relief should be denied. The district court accepted and adopted the magistrate's findings and recommendations and, after briefly discussing one of Youngblood's effective assistance of counsel contentions, dismissed his habeas corpus petition.

Initially, Youngblood contends that he was denied effective assistance of counsel in

that his case was handled by two different attorneys at two critical stages of the state proceedings. Specifically, Youngblood argues that certain information concerning his arrest, which was disclosed at the preliminary hearing, would have vitiated his arrest and subsequent conviction had it been pursued and developed by his court-appointed counsel. According to Youngblood, this information was not pursued due to the pretrial substitution of counsel unfamiliar with the evidence presented at the preliminary hearing.

The information that Youngblood contends would have vitiated his arrest is in substantial factual dispute. Youngblood maintains that at the time he was arrested he was a patron in the Blue Gardenia Lounge, a bar located a few blocks away from where he was subsequently identified by Williams. While in the Blue Gardenia Lounge, Youngblood claims to have been confronted by two police officers who asked him to step outside. Once outside, Youngblood claims that the officers patted him down, found his .38 revolver, and arrested him. However, rather than being taken to the police station, Youngblood maintains that he was taken to the area where Williams identified him as the individual responsible for the robbery at the Tenneco gasoline station. Based upon these contentions, Youngblood maintains that his attorneys should have attempted to establish that his initial arrest was made without probable cause. Apparently, Youngblood contends that the officers had no probable cause to arrest him in the Blue Gardenia Lounge and that he was arrested simply in an attempt to move him to an area where he could be identified by Williams. Youngblood contends that the motion to suppress his original arrest "would have been quite likely highly successful." However, other credible evidence presented to the magistrate at the evidentiary hearing contradicts Youngblood's argument and reveals the speculative nature of his allegations.

■ Initially, it is noted that the mere fact that different attorneys represented Youngblood at the preliminary hearing and subsequent trial does not establish a basis for habeas corpus relief. It cannot seriously be contended that a defendant is entitled to representation by one attorney throughout the course of his proceedings. The habeas corpus applicant must demonstrate, based upon the entire record, that counsel was not reasonably likely to render and did not render reasonably effective assistance of counsel. *Hill v. Wainwright,* 617 F.2d 375 (5th Cir.1980); and *Rummell v. Estelle,* 590 F.2d 103 (5th Cir.1979). Errorless counsel is not required and this Court will not engage in hindsighted review of counsel's performance. *Clark v. Blackburn,* 619 F.2d 431 (5th Cir.1980); and *Easter v. Estelle,* 609 F.2d 756 (5th Cir.1980).

■ Youngblood's trial counsel's testimony at the evidentiary hearing, which was apparently accepted by the magistrate and adopted by the district court, effectively rebuts Youngblood's contention that his counsel was ineffective due to his failure to attack the arrest. Trial counsel testified that Youngblood told him prior to trial that he had been previously involved in an altercation in the Blue Gardenia Lounge in which both parties used weapons. The night of the arrest, Youngblood again entered the bar and, according to what trial counsel was told by Youngblood, the owner called the police believing that Youngblood, once again, had entered his club with a gun. Record, vol. III at 37–39. Based upon this information, trial counsel concluded that no valid reasons existed to file a motion to suppress. Counsel was fully aware of the proper motion procedures to follow had he believed that a basis existed for a motion to suppress. *Id.* at 37, 41. Simply put, after interviewing his client and reviewing the pretrial hearing, fully aware of the procedures to be utilized to suppress illegally obtained evidence, trial counsel made a decision not to file a motion to suppress. *Id.* at 37, 46, 48. Although through hindsighted review other counsel might have handled this matter differently, this Court is prohibited from second guessing counsel's strategy. Once again, defendant is not entitled to errorless counsel. To obtain habeas cor-

pus relief, Youngblood is required to demonstrate that counsel's performance, in light of the entire proceeding, was so inadequate as to render his trial unfair. *Washington v. Watkins,* 655 F.2d 1346 (5th Cir. 1981). This, Youngblood has not accomplished. Youngblood has only demonstrated, through hindsighted review, that a possible basis existed to file a motion to suppress. Moreover, Youngblood has not demonstrated that filing of such a motion would have materially affected the outcome of his trial. He merely speculates that, had the motion been filed it "would have been quite likely highly successful." Such fanciful surmise simply does not constitute a basis for habeas corpus relief. Consequently, this Court holds that the district court did not err in concluding that Youngblood's ineffective assistance claim concerning his arrest was not worthy of habeas corpus relief.

Youngblood's second theory allegedly supporting his ineffective assistance of counsel claim involves a possible alibi witness, a friend of his named "Ms. Green." However, the testimony of trial counsel persuades this Court to affirm the district court's dismissal of this ineffective assistance of counsel allegation. Initially, it is noted that trial counsel testified that he was given a phone number by Youngblood, which he was certain he pursued with diligence. Record, vol. III at 30. In fact, the record reveals that trial counsel obtained a continuance for the specific purpose of locating the alibi witness. State Trial Record, vol. I at 12. Additionally, Youngblood admitted at the evidentiary hearing that Ms. Green visited him in jail, but that he did not tell her to contact his trial attorney. This evidence, which was accepted by the magistrate and adopted by the district

court, demonstrates that trial counsel made a reasonable attempt to locate Ms. Green. The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief.[1]

In conclusion, this Court holds that the district court did not err in dismissing Youngblood's petition for habeas corpus relief.

AFFIRMED.

---

1. The record clearly demonstrates that Youngblood's trial counsel was reasonably likely to render reasonably effective assistance. As the magistrate noted:

    Petitioner was represented by Mr. Tildon Greenbaum, Attorney at Law. Mr. Greenbaum was admitted to the Louisiana bar in 1971, approximately four years before trial of this case. He began working with the Orleans Parish Public Defenders office in March, 1972, and tried criminal cases on a regular basis before petitioner's trial. Prior to defending petitioner on his armed robbery charge, Mr. Greenbaum had tried approximately fifteen armed robbery cases. Clearly, Mr. Greenbaum was experienced in the practice of criminal law at the time of his representation of petitioner. *See* Record, vol. I at 76.

    Youngblood's trial counsel was unarguably capable of rendering reasonably effective assistance, and, in light of the entire record, this Court concludes that trial counsel did render reasonably effective assistance.